UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNETTE H.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-6010 MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of her application for Title II benefits. Plaintiff contends the administrative law judge ("ALJ") erred by failing to fully consider the effects of fibromyalgia and by failing to consider her need to take breaks. (Dkt. # 16.) Defendant argues the ALJ properly found Plaintiff not disabled because she engaged in substantial gainful activity ("SGA"), and therefore the ALJ's decision should be affirmed. (Dkt. # 18.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.     BACKGROUND

Plaintiff was born in 1965, has at least a high school education, and has worked as a licensed practical nurse. AR at 29. On March 30, 2018, Plaintiff applied for benefits alleging disability as of March 9, 2018. *Id.* at 15. Plaintiff's application was denied initially and on

ORDER - 1

reconsideration, and Plaintiff requested a hearing. After the ALJ conducted a hearing on October 11, 2019, the ALJ issued a decision on February 4, 2020 finding Plaintiff not disabled. *Id.* at 15-31. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

**A. The ALJ Did Not Err in Determining Plaintiff Engaged in Substantial Gainful Activity**

As the claimant, Plaintiff bears the burden of proving that she is disabled within the meaning of the Social Security Act ("SSA"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). SSA defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). SGA is work done for pay that involves significant mental or physical activities. 20 C.F.R. §§ 404.1571–404.1572, 416.971–416.975. If a claimant engaged in SGA during the claim period, disability benefits are denied for the period in which she was engaged in SGA. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

The primary factor in determining whether a job is substantial gainful activity "will be the earnings [the employee] derive[d] from the work activity." *See* 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1). There is a rebuttable presumption an employee either was or was not engaged in substantial gainful activity if the employee's average monthly earnings are above or below a certain amount established by the Commissioner's Earnings Guidelines. *See id.* at §§ 404.1574(b)(2)-(3), 416.974(b)(2)-(3); *see also Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001) ("Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity."). A claimant who earned a monthly average of $1,220.00 in 2019 is presumed to have engaged in SGA. 20 C.F.R. § 404.1574(b)(2); POMS DI 10501.015B. Earnings that exceed SGA earnings may not necessarily equate to performing SGA if it was an unsuccessful work attempt, which is work lasting up to six months that the claimant had to stop or reduce to below SGA

levels because of an impairment, or if it is performed with special conditions. 20 C.F.R. §§ 416.974(a)(1), 416.973(c).

Here, the ALJ found that Plaintiff engaged in SGA from February 25, 2019 to September 6, 2019 based on Plaintiff's testimony that she returned to work as a full-time licensed practical nurse for a methadone clinic. AR at 18. The ALJ also found that the record shows Plaintiff earned $4,480.00 in the first quarter of 2019 and $13,664.00 in the second quarter of 2019.[1] *Id.* (citing *id.* at 225-26, 312, 320).

Plaintiff acknowledges that she went back to work for over six months. (Dkt. # 16 at 4.) She also acknowledges her work period is not an unsuccessful work attempt because she worked longer than a six-month period, although she asserts it is right on the "cusp." (*Id.*) She generally asserts that she took extra breaks without permission, occasionally left early, and quit because of pain, implying that she had special conditions, but does not point to sufficient evidence in the record in support of her assertion. (*Id.*)

If a claimant is working under special conditions that take into account her impairments, the work may not demonstrate SGA. 20 C.F.R. § 416.973(c). Examples of special conditions include receiving assistance from other employees in performing the work, being allowed to work irregular hours or take frequent rest periods, being provided special equipment, being assigned work especially suited to the impairment, being permitted to work at a lower standard of productivity or efficiency, and being given work because of a family relationship or past association with the employer. *Id.*

While Plaintiff generally asserts that she took unpermitted breaks and left work early, there is no evidence that these potential special conditions demonstrate that Plaintiff did not earn

---

[1] The only earning reports available at the time of the hearing were for the first and second quarters. AR at 218-19. Plaintiff did not testify that she had a reduction in pay after the second quarter.

ORDER - 4

her wages. Further, when the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Thomas*, 278 F.3d at 954. Here, the ALJ could reasonably conclude that taking breaks and leaving early did not constitute special conditions and Plaintiff therefore engaged in SGA. Because there are no continuous 12-month periods during the relevant time period, March 9, 2018 to February 4, 2020, during which Plaintiff was unable to engage in SGA, the Court affirms the ALJ's finding that Plaintiff was not disabled.

The ALJ also alternatively found the medical evidence of record establishes that Plaintiff was able to perform her past relevant work and other work that exists in significant numbers in the national economy. AR at 18. Plaintiff takes issue with the residual functional capacity ("RFC") formed by the ALJ. The Court briefly addresses Plaintiff's assertions below.

### B. The ALJ did not Err in Considering Plaintiff's Fibromyalgia

Plaintiff asserts the ALJ failed to consider the limiting effects of her fibromyalgia in the RFC. (Dkt. # 16 at 5.) Plaintiff asserts in a conclusory fashion that the ALJ did not consider the "waxing and waning, the fatigue and the widespread pain associated with fibromyalgia." (*Id.*)

Plaintiff's assertion is unpersuasive and inconsistent with the ALJ's decision. The ALJ specifically addressed Plaintiff's fibromyalgia in forming the RFC and provided numerous reasons why the RFC appropriately accounted for her conditions. For example, the ALJ found the treatment record was inconsistent with Plaintiff's testimony about the limiting effects of her symptoms. AR at 23. Specifically, the ALJ found she only received conservative treatment for her fibromyalgia, did not experience an increase in her symptoms when changing medication, she ambulated with a normal gait, and she demonstrated a normal range of motion. AR at 25. In determining Plaintiff's RFC, the ALJ limited Plaintiff to light work that included a sit/stand option to account for Plaintiff's physical symptoms and hearing testimony. *Id.* at 26. The ALJ

further included specific postural, manipulative, and environmental restrictions to account for her physical conditions. *Id.* The ALJ also found her claims of debilitated functioning are inconsistent with contemporaneous reports of actual functioning. *Id.* at 23. The ALJ found that despite Plaintiff's fibromyalgia conditions, the evidence shows Plaintiff successfully worked over the years. Accordingly, the ALJ appropriately considered the effects of Plaintiff's fibromyalgia and did not err in forming the RFC.

### C. The ALJ Did Not Err in Considering Plaintiff's Alleged Need for Breaks

Plaintiff argues the ALJ failed to consider her need for breaks. (Dkt. # 16 at 6-8.) Plaintiff reiterates her assertion that she took unscheduled breaks and left early while working as a nurse and that the ALJ did not state why her testimony was not credible. (*Id.* at 7-8.) Plaintiff also asserts that the ALJ's analysis focuses on Plaintiff's return to past work for over 6 months, but that the ALJ did not determine whether she could have continued to work after she quit. (*Id.* at 7.)

This argument is also unpersuasive. As discussed above, the ALJ considered Plaintiff's testimony, but found it inconsistent with the record which demonstrated her ability to engage in SGA. The ALJ also discussed all the medical opinions, and found the only opinion that Plaintiff was not capable of working full time was speculative, outside the scope of the doctor's expertise, and inconsistent with the treatment history, exam findings, and Plaintiff's ability to return to work. AR at 27-28. Plaintiff does not assign error to the ALJ's findings regarding the medical opinion evidence or Plaintiff's testimony. As the ALJ's interpretation of the evidence is rational, the ALJ did not err.

### V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 7th day of June, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7